**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BLACK RUSH MINING, LLC, )<br>an Illinois Limited Liability Company; )<br>INDIANA FARMS, INC, an lllinois corporation, )<br>LAFAYETTE ENERGY COMPANY, )<br>an lllinois corporation; and )<br>JOHN A. BRANDT, individually, )<br>           Plaintiffs )<br>)<br>vs. )<br>)<br>BLACK PANTHER MINING, )<br>an Indiana limited liability company; )<br>FIVE STAR MINING, an Indiana corporation; )<br>BB MINING, an Indiana corporation; )<br>PATRICK BLANKENBERGER, individually; )<br>DAVID M. BLANKENBERGER, individually; )<br>and DONALD BLANKENBERGER, individually )<br>           Defendants. ) | Case No. 1:11-CV-03257 |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISQUALIFY

The plaintiffs, Black Rush Mining, LLC, Indiana Farms, Inc., Lafayette Energy Company, and John Brandt (collectively, "Plaintiffs"), allege that Terry G. Farmer and the law firm of Bamberger, Foreman, Oswald & Hahn, LLP (collectively, "Bamberger Firm") have a conflict of interest due to the Bamberger Firm's purported prior representation of the Plaintiffs. The defendants, Black Panther Mining, Five Star Mining, BB Mining, Patrick Blankenberger, David M. Blankenberger, and Donald Blankenberger (collectively, "Defendants") and the Bamberger Firm deny the existence of an attorney/client relationship at any time between any of the Plaintiffs and the Bamberger Firm. Therefore, the Defendants oppose the Motion to Disqualify and in support of this Memorandum also submit herewith the Declaration of Terry G. Farmer.

# I.

## Facts

The Defendants incorporate by reference the Declaration of Terry G. Farmer attached as <u>Exhibit A</u> to the Objection to Motion to Disqualify, as though it was fully restated herein.

# II.

## Applicable Law

**A.  Disqualification Standard**

Disqualification of counsel "is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Trading Technologies International, Inc. v. BCG Partners, Inc.*, 2011 WL 1748607, citing *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721-22 (7th Cir. 1982)(noting that motions to disqualify should be "viewed with extreme caution for they can be misused as techniques of harassment"); see also *Commonwealth Ins. Co. v. Stone Container Corp.,* 178 F.Supp.2d 938, 943 (N.D. Ill. 2001).

Disqualification, as a prophylactic device for protecting the attorney-client relationship, is an extreme measure which courts should hesitate to impose except when absolutely necessary. *Chemical Waste Management, Inc. v. Sims*, 875 F.Supp. 501, 503 (N.D. Ill. 1995). A disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing. *Id., citing Comden v. Superior Court,* 576 P.2d 971, 978 (Cal. 1978), cert. denied, 439 U.S. 981 (1978). Accordingly, motions to disqualify counsel should be viewed with extreme caution since they can be misused as

techniques of harassment. *Chemical Waste Management*, 875 F.Supp. at 503, *citing Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985).

The central question in any disqualification motion is whether the attorney in question received confidential information that puts the opposing party at a disadvantage. *Freeman,* 689 F.2d at 721 (a fundamental principle in the lawyer-client relationship is that a lawyer shall maintain the confidentiality of the information relating to the representation); *Chemical Waste Management*, 875 F.Supp. at 503.

Courts have a duty to safeguard the sacrosanct privacy of the attorney-client relationship so as to maintain public confidence in the legal profession and to protect the integrity of the judicial proceeding. *Chemical Waste Management,* 875 F.Supp. at 503, *citing American Can Company v. Citrus Feed Co.,* 436 F.2d 1125, 1128 (5th Cir. 1971); *United States v. Agosto,* 675 F.2d 965, 969 (8th Cir. 1982). Disqualification of counsel is but one of several avenues available to a court in its exercise of this duty. *Chemical Waste Management*, 875 F.Supp. at 503.

**B.    Attorney/Client Relationship**

The initial question to be addressed is whether an attorney/client relationship existed between the Plaintiffs and the Bamberger Firm. The Plaintiffs have the burden of proving the existence of an attorney/client relationship between the Bamberger Firm and the Plaintiffs. A party seeking to disqualify an attorney based on prior representation must first establish the existence of a prior attorney/client relationship and then establish that the prior and subsequent representations are substantially related. *In re Raymond Professional Group, Inc*, 400 B.R. 624, 637 (N.D. Ill. 2009).

An attorney/client relationship exists when the "lay party" submits confidential information to the lawyer with the "reasonable belief" that the lawyer is acting as the attorney for the lay party. *In re Raymond Professional Group*, 400 B.R. at 637. The professional relationship for purposes of the privilege for attorney/client communications hinges upon the client's belief that he is consulting a lawyer in that capacity and his "manifested intention" to seek professional legal advice. *Westinghouse Electric Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311, 1319 (7th Cir. 1978).

As applied to this case, none of the materials produced by the Plaintiffs establish that (a) any of the Plaintiffs provided the Bamberger Firm with confidential information; (b) the Plaintiffs had a "reasonable" belief that the Bamberger Firm was acting as the Plaintiffs' counsel, and (c) the Plaintiffs ever manifested an intention to seek legal advice from the Bamberger Firm. The Declaration of Terry G. Farmer establishes the contrary and states that:

- The Bamberger Firm was never engaged nor has it undertaken to represent any of the Plaintiffs for any matter.
- The Bamberger Firm has no engagement letter with any of the Plaintiffs.
- The Bamberger Firm has not billed any of the Plaintiffs for fees or expenses in connection with any matter.
- The Bamberger Firm has given no legal advice to any of the Plaintiffs.
- Mr. Brandt stated that he was represented by separate counsel on March 13, 2008, and provided a letter written on his behalf by Geoffrey A. Bryce of the law firm of Bryce Downey, LLC.

- The Bamberger Firm represented parties adverse to Mr. Brandt and/or his entities in the fall of 2009, and Mr. Brandt made no objection based on a conflict of interest.

- Jeanne M. Hoffman, of the law firm of Bryce Downey & Lenkov, LLC, as counsel for Mr. Brandt and his entities, sent Donnie Blankenberger, one of the defendants herein, an e-mail dated August 12, 2010. Terry Farmer responded to that e-mail on August 31, 2010; again, neither Mr. Brandt nor his counsel made an objection to Mr. Farmer's representation of Mr. Blankenberger based on a conflict of interest.

- Mr. Brandt's subsequent (and current) counsel, Jessica Weiner, sent another letter to the Bamberger Firm on September 28, 2010, and made no objection to Mr. Farmer's representation of Mr. Blankenberger based on a conflict of interest.

- Subsequent to the filing of this lawsuit, Mr. Brandt's counsel, Jessica Weiner, continued to correspond with the Bamberger Firm in connection with waiver of service issues, and made no objection to Mr. Farmer's representation of the Defendants based on a conflict of interest.

- Mr. Brandt never made a request for legal advice or services from the Bamberger Firm.

- The Bamberger Firm never provided or offered to provide legal advice or services to Mr. Brandt or any of his entities.

- Mr. Brandt never discussed the Bamberger Firm's representation of Mr. Brandt or any of his entities with the Bamberger Firm, including any terms of such representation.

- The Bamberger Firm never received confidential information from Mr. Brandt or any of his entities.

- Mr. Brandt never stated a belief that the Bamberger Firm was representing him and his entities in the presence of Terry Farmer.

Under these facts, it is clear that no attorney/client relationship has been established by the Plaintiffs. Accordingly, the Plaintiffs have failed to satisfy their burden of proving that the Bamberger Firm represented any of the Plaintiffs at any time.

**C.     Waiver**

Even if the Court finds an attorney/client relationship between the Plaintiffs and the Bamberger Firm, any conflict arising therefrom has been waived. Disqualification destroys the attorney/client relationship and, therefore, deprives a party of the counsel of its choice. *In re Raymond,* 400 B.R. at 638. In an effort to discourage tactical gamesmanship, courts have determined that motions to disqualify should be made with reasonable promptness after a party discovers the facts which led to the motion. *Id.*

Waiver is a valid basis for the denial of a motion to disqualify; a former client who is entitled to object to an attorney's representation of an adverse party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right. *Chemical Waste Management,* 875 F.Supp. at 504-505, citing *Trust Corp. of Montana v. Piper Aircraft Corp.,* 701 F.2d 85, 87 (9th Cir. 1983), citing *Central Milk Producers Coop v. Sentry Food Stores, Inc.,* 573 F.2d 988, 992 (8th Cir.

6

1978); *Redd v. Shell Oil Co.,* 518 F.2d 311, 315 (10th Cir. 1975); *Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725, 731 (11th Cir. 1988)("waiver is appropriate 'where the former client, having every opportunity to do so, fails to object to a new relationship involving [its] former attorney' ").

Although the length of the delay in bringing a motion to disqualify is obviously important, it is not dispositive. *Chemical Waste Management*, 875 F.Supp. at 505. A court should also consider such factors as when the movant learned of the conflict; whether the movant was represented by counsel during the delay; why the delay occurred; and whether disqualification would result in prejudice to the nonmoving party. *Id.*

In *Chemical Waste*, the Court held that the movant's twenty-one month delay in objecting to the conflict "can be reasonably perceived as an admission that the principles of confidentiality and conflict of interest are not significantly related to the procedural integrity of [its] case." *Id.* This conclusion is not unusual; courts have denied motions to disqualify brought after comparable, and even shorter, periods of undue delay. For example, see *Glover v. Libman,* 578 F.Supp. 748, 767 (N.D. Ga. 1983)(motion to disqualify denied when brought thirteen months after the grounds of the alleged conflict were known); *Jackson v. J.C. Penney Co., Inc.,* 521 F.Supp. 1032, 1034-35 (N.D. Ga. 1981)(motion to disqualify denied after delay of approximately fifteen months); *Warpar Manufacturing Corp. v. Ashland Oil, Inc.,* 606 F.Supp. 852, 858-59 (N.D. Ohio 1984) (motion to disqualify denied after delay of approximately twenty-one months).

As applied to this case, the Bamberger Firm is aware that Mr. Brandt and/or his entities have been represented by at least three different attorneys since March of 2008. The Bamberger Firm acted in a role that was adverse to Mr. Brandt in the fall of 2009, and he made no objection based on a conflict of interest. In the present dispute between the parties, Mr. Brandt's attorney sent a letter to the Bamberger Firm on August 12, 2010, and, again, no objection was made or suggested by Mr. Brandt or his counsel based on a conflict of interest. Ms. Weiner, present counsel for Mr. Brandt, sent a subsequent letter to the Bamberger Firm dated September 28, 2010, and still no mention or suggestion was made of a conflict of interest. By correspondence dated May 18, 2011, Ms. Weiner sent a copy of the complaint filed herein to the Bamberger Firm and requested the Bamberger Firm to waive service of process of the complaint on behalf of the Defendants. Ms. Weiner made no mention of an alleged conflict of interest in the correspondence. Ms. Weiner then prepared waiver of service documents and sent the same to the Bamberger Firm so that the Defendants would waive service. Again, Ms. Weiner made no mention of an alleged conflict of interest in her correspondence.

Twenty months after the Bamberger Firm acted in a role adverse to Mr. Brandt, Mr. Brandt claims, for the first time, that the Bamberger Firm has a conflict of interest. Just as in *Chemical Waste*, this Court should find that the Plaintiffs' substantial delay in objecting to the alleged conflict "can be reasonably perceived as an admission that the principles of confidentiality and conflict of interest are not significantly related to the procedural integrity of [its] case."

### III.

### **Conclusion**

The Plaintiffs have the burden to prove the existence of an attorney/client relationship between the Plaintiffs and the Bamberger Firm and that the Bamberger Firm should be disqualified from further representation of the Defendants. The Plaintiffs have failed to meet their burden of proof. The Declaration of John Brandt and records submitted by the Plaintiffs pursuant to this Court's Order make no showing of an attorney/client relationship. The Declaration of Terry G. Farmer establishes that the Bamberger Firm never represented Mr. Brandt and/or any of his entities. Even if the Court disagrees, then the Court should find that Mr. Brandt waived a conflict of interest objection by failing to promptly raise the issue. Mr. Brandt has been represented by at least three lawyers since March of 2008, and therefore, he had ample professional advice and assistance to identify and complain about a conflict of interest if he believed such an issue to exist.

The Defendants respectfully request the Court to deny the Motion to Disqualify.

        Terry G. Farmer      #6276480
        BAMBERGER, FOREMAN, OSWALD & HAHN, LLP
        20 NW Fourth Street, Seventh Floor
        Post Office Box 657
        Evansville, IN 47704-0657
        Phone: 812/425-1591; Facsimile: 812/421-4936
        tfarmer@bamberger.com

        */s/ Robert W. Sacoff*
        Robert W. Sacoff
        Ian J. Block
        Joseph N. Welch II
        PATTISHALL, McAULIFFE, NEWBURY,
         HILLIARD & GERALDSON, LLP
        311 South Wacker Drive, Suite 5000
        Chicago, IL 60606

...

        Phone: 312/554-8000; Facsimile: 312/554-8015
rws@pattishall.com; iblock@pattishall.com; jwelch@pattishall.com
ATTORNEYS FOR DEFENDANTS

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2011, the above and foregoing pleading was filed electronically with the United States District Court. Notice of this filing will be sent to the following attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Jessica L. Weiner
Jessica L. Weiner, Attorney at Law, LLC
113 McHenry Road #246
Buffalo Grove, IL 60089
jlweiner_law@yahoo.com

    */s/ Robert W. Sacoff*

CN/C:\DOCUME~1\eshelton\LOCALS~1\Temp\MetaSave\W26704-v2 Brief in support of Objecti_.DOC